UNITED STATES DISTRICT COURT FOR THE
NORTHERN DISTRICT OF FLORIDA
PANAMA CITY DIVISION

MAXIMO GOMEZ,

    Plaintiff,

v.                                                  Case No. 5:23-cv-66-MCR/MJF

KAYLA CAMPBELL and FOREMAN,

    Defendants.
_____/

## ORDER

This matter is before this court on Plaintiff's amended complaint. Doc. 17. Because his amended complaint fails to allege a plausible claim for relief, this court will provide Plaintiff one opportunity to supplement and clarify his allegations in a second amended complaint.

### I. BACKGROUND

On May 15, 2023, Plaintiff, a prisoner proceeding *pro se*, filed an amended complaint. Doc. 17. He is suing two defendants in their individual capacities: (1) Kayla Campbell and (2) Foreman. *Id.* at 3. Defendants are nurses at the Apalachee Correctional Institution ("ACI"). He alleges that Defendants violated the Eighth Amendment when they failed to provide any treatment for Plaintiff's hernia during a sick-call appointment on May 6, 2022. *Id.* at 5–7. As relief, he requests a declaratory judgment and compensatory and punitive damages. *Id.* at 7.

Page 1 of 9

## II. STANDARD

Plaintiff is a prisoner, so the court must review his complaint, identify cognizable claims, and dismiss the complaint, or any portion thereof, if it is frivolous or malicious, fails to state a plausible claim for relief, or "seeks monetary relief from a defendant who is immune from such relief." 28 U.S.C. § 1915A(a)–(b); *see id.* § 1915(e)(2)(B) (same for *in forma pauperis* proceedings).

A court should dismiss a claim that is not supported by factual allegations, accepted as true, that allow the court "to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (quoting *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 556 (2007)). Factual allegations that merely suggest the possibility that the defendant acted unlawfully are insufficient. *See Twombly*, 550 U.S. at 555. A court also should dismiss a claim when the allegations demonstrate that recovery is barred by an affirmative defense. *Jones v. Bock*, 549 U.S. 199, 215 (2007).

## III. DISCUSSION

The Eighth Amendment requires governments "to provide minimally adequate medical care to those whom they are punishing by incarceration." *Hoffer v. Fla. Dep't of Corr.*, 973 F.3d 1263, 1270 (11th Cir. 2020) (quoting *Harris v. Thigpen*, 941 F.2d 1495, 1504 (11th Cir. 1991)). A "prison official's 'deliberate indifference to the serious medical needs of a prisoner constitutes the unnecessary

and wanton infliction of pain proscribed by the Eighth Amendment.'" *Farrow v. West*, 320 F.3d 1235, 1243 (11th Cir. 2003) (quoting *Estelle v. Gamble*, 429 U.S. 97, 104 (1976) (quotation marks and citations omitted)). But "not every claim by a prisoner that he has not received adequate medical treatment" asserts an Eighth-Amendment violation. *Id.* (citation omitted).

To state an Eighth-Amendment claim of deliberate indifference to a serious medical need, a plaintiff must plausibly allege:

1. a serious medical need,

2. the defendant's deliberate indifference to that need, and

3. causation between the defendant's indifference and the plaintiff's injury.

*Roy v. Ivy*, 53 F.4th 1338, 1346–47 (11th Cir. 2022) (citing *Goebert v. Lee Cnty.*, 510 F.3d 1312, 1326 (11th Cir. 2007)); *Melton v. Abston*, 841 F.3d 1207, 1220 (11th Cir. 2016). This claim includes an objective component—"that the deprivation was serious enough to constitute cruel and unusual punishment"—and a subjective component—deliberate indifference. *Taylor v. Adams*, 221 F.3d 1254, 1257 (11th Cir. 2000).

With respect to the second element, "[d]eliberate indifference is *not* a constitutionalized version of common-law negligence." *Hoeffer*, 973 F.3d at 1271 (citation omitted). Instead, an alleged wrongdoer is deliberately indifferent to a plaintiff's serious medical need if the wrongdoer (1) had "subjective knowledge of

a risk of serious harm," (2) disregarded that risk, and (3) acted in a manner "more than mere negligence." *Bingham v. Thomas*, 654 F.3d 1171, 1176 (11th Cir. 2011) (quoting *Brown v. Johnson*, 387 F.3d 1344, 1351 (11th Cir. 2004)). Said differently, deliberate indifference "is the equivalent of recklessly disregarding a substantial risk of serious harm." *Cottrell v. Caldwell*, 85 F.3d 1480, 1491 (11th Cir. 1996) (quotation marks omitted).

"[W]here a prisoner has received some medical attention and the dispute is over the adequacy of the treatment, federal courts are generally reluctant to second guess medical judgments and to constitutionalize claims which sound in state tort law." *Harris*, 941 F.2d at 1507 (quoting *Westlake v. Lucas*, 537 F.2d 857, 860 n.5 (6th Cir. 1976)). Thus, a mere difference of opinion between a doctor and an inmate as to the inmate's diagnosis or course of treatment does not establish deliberate indifference. *Id.* at 1505.

In his amended complaint, Plaintiff alleges that Campbell and Foreman provided Plaintiff with no treatment during his May 6, 2022 appointment, despite Plaintiff stating that he "was in a lot of pain" because of his hernia. Doc. 17 at 5. He alleges that Campbell stated, "You think I care about you [sic] swollen hernia[?] I am not giving you any treatment." *Id.* Plaintiff also alleges that Foreman began to "mock" Plaintiff by stating, "I guess you might as well start crawling out [of] the medical room now!" *Id.*

The grievances attached to Plaintiff's amended complaint tell a different story. "[I]f the allegations of the complaint about a particular exhibit conflict with the contents of the exhibit itself, the exhibit controls." *Hoefling v. City of Miami*, 811 F.3d 1271, 1277 (11th Cir. 2016). According to Plaintiff's grievances, Campbell and other medical personnel[1] examined Plaintiff and determined that his hernia was "to[o] small" to be "treated or removed." Doc. 17-1 at 2–4 It appears from Plaintiff's grievances, therefore, that medical personnel at ACI provided Plaintiff with some medical treatment and that Plaintiff simply disagreed with the course of that treatment. If so, Plaintiff fails to allege a plausible violation of the Eighth Amendment. *See Harris*, 941 F.2d at 1505 (noting that a mere difference of opinion between a doctor and an inmate as to the inmate's diagnosis or course of treatment does not establish deliberate indifference).

If he elects to file a second amended complaint, Plaintiff **should omit an Eighth-Amendment claim against Defendants, unless Plaintiff truthfully can allege sufficient facts to plausibly suggest that Plaintiff suffered from a serious medical need, that Defendants acted with deliberate indifference towards a risk of serious harm arising from that serious medical need, and that Defendants' deliberate indifference caused Plaintiff's harm**.

---

[1] In his appeal, Plaintiff mentions Campbell and "Nurse Fulman." Doc. 17-1 at 4. It is unclear whether "Nurse Fulman" is actually Foreman.

## IV. VOLUNTARILY DISMISS OR AMEND THE COMPLAINT

Before filing a second amended complaint, Plaintiff should weigh the likelihood of success and the consequences of not being a prevailing party.

The prevailing party will be entitled to recover costs. *See* Fed. R. Civ. P. 54(d); 28 U.S.C. § 1920.[2] **If Defendants prevail, for example, they are entitled to recover from Plaintiff the costs of defending this lawsuit. A court can award costs to defendants even if a plaintiff is proceeding *pro se* or has no money.** *See Smith v. Sec'y, Fla. Dep't of Corr.*, 696 F. App'x 944, 953–54 (11th Cir. 2017) (affirming award of $5,371.13 in costs against indigent *pro se* prisoner-plaintiff who did not prevail after a trial); *Smith v. Sec'y, Fla. Dep't of Corr.*, 598 F. App'x 738, 738–39 (11th Cir. 2015) (affirming an award of $671.67 in costs against an indigent *pro se* prisoner-plaintiff after corrections officer prevailed on summary judgment). It is important that litigants assess their likelihood of success and the consequences of a loss.

Plaintiff must ask himself: "Can I allege sufficient facts in an amended complaint to state a cause of action under the relevant law?" If Plaintiff does not have a good-faith belief that he can state a facially plausible claim, **he should file a notice of voluntary dismissal**.

---

[2] The costs that a court may award under Rule 54 are limited to those specified in 28 U.S.C. § 1920: costs for clerk and marshal fees; transcript fees; witness and copying fees; docket fees; and compensation for court-appointed experts and interpreters.

On the other hand, if Plaintiff chooses to proceed with this action, he must:

1. fill out completely a new civil-rights complaint form;

2. mark the complaint as his "**Second Amended Complaint**";

3. place each defendant's name in the style of the case on the first page of the complaint form;

4. as to each defendant, specify whether Plaintiff is suing each defendant in his individual or official capacity;

5. in the "Statement of Facts" section, clearly describe how each named defendant was involved in the alleged violation;

6. use **short separately-numbered paragraphs, limited as far as practicable to a single set of circumstances**, to set forth allegations as to each defendant named in the second amended complaint;

7. include specific dates and times of their alleged acts;

8. delete or drop a defendant from his second amended complaint if Plaintiff cannot state exactly how that particular defendant harmed him;

9. in the "Statement of Claim" section, state what rights under the Constitution or laws of the United States have been violated, and provide support in the statement of facts for the claimed violations;

10. use headings to separate multiple claims (for example: **<u>Count One: Eighth-Amendment Claim of Deliberate Indifference to a Serious Medical Need Against [list the relevant defendants]</u>**);

11. under the heading of each claim, list, in numbered paragraphs, **all of the facts that are relevant to the particular claim**, and **only those facts that are relevant to the particular claim**;

12. **type or clearly write** the text of his second amended complaint, as this court cannot consider allegations that the court cannot read; and

13. include in the demand for relief only what is permitted under the relevant law.

Plaintiff also is advised that any amended complaint must contain all the allegations he would like to present, because once an amended complaint is filed, all earlier complaints and filings are disregarded and matters not set forth in the amended complaint are deemed to have been abandoned. N.D. Fla. Loc. R. 15.1; *see Hoefling*, 811 F.3d at 1277.

## V.  CONCLUSION

Accordingly, it is **ORDERED**:

1. The clerk of the court shall send to Plaintiff a civil-rights complaint form for use by prisoners in actions under 42 U.S.C. § 1983.

2.  **On or before June 1, 2023**, Plaintiff shall:

    a.  file a notice of voluntary dismissal under Rule 41(a)(1)(A)(i); **or**

    b.  file an amended complaint that complies with this order, which shall be **typed or clearly written** and marked as Plaintiff's "**Second Amended Complaint**."

3.  Failure to comply with the directions set forth above likely will result in dismissal of this action for failure to comply with an order of the court, failure to prosecute, and failure to state a plausible claim for relief.

**SO ORDERED** this 18th day of May, 2023.

/s/ *Michael J. Frank*
**Michael J. Frank**
**United States Magistrate Judge**