113792-7

UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF FLORIDA

CASE NO. 5:23-cv-66-MCR/MJF

MAXIMO GOMEZ

    Plaintiff,
vs.

KAYLA CAMPBELL and FULMAN

    Defendants.
_____/

## DEFENDANT KAYLA CAMPBELL'S MOTION TO DISMISS PLAINTIFF'S SECOND AMENDED COMPLAINT AND INCORPORATED MEMORANDUM OF LAW

Defendant, Kayla Campbell, by and through her undersigned counsel, and pursuant to the Federal Rules of Civil Procedure, hereby files this Motion to Dismiss Plaintiff, Maximo Gomez's, Second Amended Complaint [ECF No. 20], as Plaintiff has once again failed to state a viable cause of action for deliberate indifference to medical needs. In further support thereof, Defendant states as follows:

CASE NO. 5:23-cv-66-MCR/MJF

## **BACKGROUND**[1]

This matter general arises from Plaintiff's claims regarding the quality and timeliness of medical treatment received during his incarceration at the Apalachee Correctional Institution ("Apalachee"). (*See generally* 2d Am. Compl.). Plaintiff, Maximo Gomez, is a *pro se* inmate incarcerated by the FDC, and loosely claims Defendants Kayla Campbell and "Nurse Fulman" violated his 8th and 14th Amendment rights. This is Plaintiff's third attempt to state a cause of action.

According to Plaintiff, on May 6, 2022, he signed up for sick call request for his "due to his hernia, swollen up and causing pain". (*See id.* ¶ 2). According to Plaintiff, he saw Nurse Campbell in the medical triage room, and she purportedly stated "I am not giving you any treatment, I do not care about your small hernia, nor am I refer[r]ing you to Doctor Williams." (*See id.* ¶ 4). Plaintiff then claims Nurse Fulman mocked Plaintiff. (*See id.* ¶ 5). Notably, none of the three (3) grievances submitted as an attachment to Plaintiff's earlier Amended Complaint [ECF No. 17] mention any such comment or conduct by either nurse.[2] (*See generally* [ECF No.

---

[1] The allegations in the Second Amended Complaint are given the presumption of truth solely for the purposes of resolving the present Motion, as required by the Federal Rules of Civil Procedure. Otherwise, Ms. Campbell does not agree with the facts as presented by Plaintiff's Second Amended Complaint.

[2] Not surprisingly, even the quote attributed to Nurse Campbell changes from Plaintiff's initial Complaint [ECF No. 1] ("you think I give [a] fuck about your hernia swollen, I am not going to give you any treatment nor is it going to be reported to the doctor.") to his Amended Complaint

CASE NO. 5:23-cv-66-MCR/MJF

17-1]). Curiously, each of those three (3) grievances stated only that Plaintiff's hernia was "to[o] small" to be surgically removed. (*Id.*).

Then, somehow, on June 15, 2022, Plaintiff was seen by Doctor Williams, at which point he was diagnosed with two (2) hernias. (*See* 2d Am. Compl. ¶¶ 6–7). Per Plaintiff, he was then sent to Reception Medical Center ("RMC") for surgery. (*See id.* ¶ 8). Plaintiff had surgery to remove one (1) hernia on February 11, 2023, and was awaiting surgery for the second hernia some unspecified time in September 2023. (*See id.* ¶¶ 11–12).

Notably, Plaintiff acknowledges he previously filed a lawsuit on the same facts and against the same Defendants. (*See id.* p. 10). That case, *Gomez v. Kayla Campbell, et al.*, No. 5:22-cv-276-TKW-MJF, was ultimately dismissed without prejudice upon the Report and Recommendation of Magistrate Judge Michael J. Frank, "for maliciousness and abuse of process." *See Gomez v. Kayla Campbell, et al.*, No. 5:22-cv-276-TKW-MJF, Report and Recommendation, Jan. 27, 2023, ECF No. 9.

In fact, following the filing of the Amended Complaint in this matter, the Court issued an Order [ECF No. 18] on May 18, 2023, noting the grievances attached

---

("you think I care about you [sic] swollen hernia, I am not giving you any treatment . . . .") and finally to the Second Amended Complaint ("I am not giving you any treatment, I do not care about your small hernia, nor am I refer[r]ing you to Doctor Williams.").

- 3 -

CASE NO. 5:23-cv-66-MCR/MJF

to Plaintiff's Amended Complaint were inconsistent with his allegations. (Order dated May 18, 2023, p. 5). Further, the Order instructed Plaintiff to either voluntarily dismiss the action or file a second amended complaint that "should omit an Eighth-Amendment claim against Defendants, unless Plaintiff truthfully can allege sufficient facts to plausibly suggest that Plaintiff suffered from a serious medical need, that Defendants acted with deliberate indifference towards a risk of serious harm arising from that serious medical need, and that Defendants' deliberate indifference caused Plaintiff's harm." (*Id.*). The Court noted the grievances attached to Plaintiff's Amended Complaint told "a different story" than that alleged in the pleading, which failed to state a cause of action. (*Id.*). But, rather than "truthfully" amend, Plaintiff merely removed the exhibits from the Second Amended Complaint. (*Compare id. with* 2d Am. Compl.).

Notwithstanding his *de minimis* alleged injuries, inconsistent form of pleading, and relatively minute passage of time between treatment, Plaintiff now brings the Second Amended Complaint against Ms. Campbell pursuant to 42 U.S.C. Section 1983, claiming deliberate indifference to his medical needs in Count 1. (*See generally* 2d Am. Compl.). But critically, the Second Amended Complaint fails to allege conduct by Nurse Campbell rising to the level of a deliberate indifference to medical needs. (*See generally id.*). To the contrary, the Second Amended Complaint

CASE NO. 5:23-cv-66-MCR/MJF

(and prior pleadings and attachments) suggests Plaintiff received medical treatment multiple times, saw a doctor within weeks, and ultimately was treated and had his hernias removed (or had one removed, with the second scheduled for removal this month). (*See generally id.*). Consequently, Plaintiff's Second Amended Complaint is legally insufficient, Nurse Campbell's Motion should be granted, and Count I and dismissed with prejudice.

## **MEMORANDUM OF LAW**

Courts must liberally construe all pleadings submitted by a *pro se* litigant. *See Jarzynka v. St. Thomas Univ. of Law*, 310 F. Supp. 2d 1256, 1264 (S.D. Fla. 2004). Notwithstanding such leniency, courts cannot rewrite a deficient pleading for the sake of sustaining an action. *Id.* (quoting *GJR Investments, Inc. v. County of Escambia, Fla.*, 132 F. 3d 1359, 1369 (11th Cir. 1998)). When determining whether a *pro se* litigant has stated a claim, "the court ought not penalize the litigant for linguistic imprecision in the more plausible allegations" while keeping in mind that "wildly implausible allegations in the complaint should not be taken to be true." *Miller v. Donald*, 541 F.3d 1091, 1100 (11th Cir. 2008).

CASE NO. 5:23-cv-66-MCR/MJF

## A. Legal Standards

### 1. Federal Rule of Civil Procedure 8(a)

To state a claim for relief, a pleading must contain: "(1) a short and plain statement of the grounds for the court's jurisdiction . . . . (2) a short and plain statement of the claim showing that the pleader is entitled to relief; and (3) a demand for the relief sought." FED. R. CIV. P. 8. Thereunder, "a complaint must contain sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'" *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (quoting *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007)). "[T]o state a plausible claim for relief, the plaintiff[] must plead 'factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged.'" *Sinaltrainal v. Coca-Cola Co.*, 578 F.3d 1252, 1268 (11th Cir. 2009), *abrogated on other grounds by Mohamad v. Palestinian Auth.*, 132 S. Ct. 1702 (2012) (quoting *Iqbal*, 556 U.S. at 678).

Even under the somewhat liberal rubric afford to *pro se* litigants, the Second Amended Complaint fails to meet these standards. It is littered with generalized allegations, conclusory statements of the elements, inconsistencies between the pleadings and exhibits, and does not include sufficient factual claims to permit Nurse Campbell to deduce what specific factual allegations potentially violative of

Plaintiff's rights are directed to her. Dismissal of the Second Amended Complaint pursuant to Rule 8 is warranted.

1.   *Federal Rule of Civil Procedure 12(b)(6)*

"To survive a motion to dismiss, a complaint must contain sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'" *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (quoting *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007)). Although this pleading standard "does not require 'detailed factual allegations,' . . . it demands more than an unadorned, the-defendant-unlawfully-harmed-me accusation." *Id.* (quoting *Twombly*, 550 U.S. at 555).

Pleadings must contain "more than labels and conclusions, and a formulaic recitation of the elements of a cause of action will not do." *Twombly*, 550 U.S. at 555 (citation omitted). Indeed, "only a complaint that states a plausible claim for relief survives a motion to dismiss." *Iqbal*, 556 U.S. at 679 (citing *Twombly*, 550 U.S. at 556). To meet this "plausibility standard," a plaintiff must "plead[] factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Id.* at 678 (citing *Twombly*, 550 U.S. at 556). When reviewing a motion to dismiss, a court must construe the complaint in the light most favorable to the plaintiff and take the factual allegations therein as true. *See*

*Brooks v. Blue Cross & Blue Shield of Fla., Inc.*, 116 F.3d 1364, 1369 (11th Cir. 1997). Plaintiff has not stated a plausible cause of action against Nurse Campbell.

**B.    Argument**

> 1. *Plaintiff's Amended Complaint fails to state a claim for relief against Nurse Campbell, as Plaintiff has utterly failed to allege any facts against Nurse Campbell of any violation of his constitutional rights.*

Plaintiff fails to plead an Eighth Amendment violation against Nurse Campbell. To assert a prisoner Section 1983 claim, a complaint must contain allegations of deliberate indifference. A successful pleading on this theory requires allegations the inmate suffered an objectively serious medical need, and the defendant intentionally disregarded that need. *See Farmer v. Brennan,* 511 U.S. 825, 833-38, (1994); *Estelle v. Gamble,* 429 U.S. 97, 106 (1976); *Hill v. Dekalb Regional Youth Detention Center*, 40 F.3d 1176, 1191 n.28 (11th Cir. 1994) (recognizing that Supreme Court has defined "deliberate indifference" as requiring more than mere negligence and has adopted a "subjective recklessness" standard from criminal law). A serious medical need is one that has been diagnosed by a physician as needing treatment or one for which even a layperson would recognize the need for a doctor's care. *See Henderson v. Sheahan*, 196 F.3d 839, 846 (7th Cir. 1999); *Aswegan v. Henry*, 49 F.3d 461, 464 (8th Cir.1995) (stating that a serious

CASE NO. 5:23-cv-66-MCR/MJF

medical need is one obvious to layperson or supported by medical evidence, like a physician's diagnosis). As eloquently stated by Judge Moody,

> Not every claim of inadequate medical attention rises to the level of a constitutional violation. To show that a prison official acted with deliberate indifference to serious medical needs, a prisoner must establish three elements. First, he must satisfy the objective component by showing that he had a serious medical need. Second, he must satisfy the subjective component by showing that a prison official acted with deliberate indifference. Third, as with any tort claim, the prisoner must show that the injury was caused by the defendant's wrongful conduct.

*Clark v. Tucker*, No. 8:13-CV-2642-T-30, 2014 WL 68646, at *3 (M.D. Fla. Jan. 8, 2014) (citation omitted). To establish the subjective component, a prisoner must prove: (1) subjective knowledge of a risk of serious harm; (2) disregard of that risk; (3) by conduct that is more than gross negligence. *See Bozeman v. Orum*, 422 F.3d 1265, 1272 (11th Cir. 2005); *Taylor v. Adams*, 221 F.3d 1254, 1258 (11th Cir. 2000); *McElligott v. Foley*, 182 F.3d 1248, 1255 (11th Cir. 1999). A delay in providing medical treatment can sustain a "deliberate indifference" claim, but only where the delay has exacerbated the prisoner's injury or unnecessarily prolonged the inmate's pain. *See Harper v. Lawrence County, Ala.*, 592 F.3d 1227, 1235 (11th Cir. 2010). In this type of case, the nature of the medical need, the reason for the delay, and the effect of the delay on the prisoner's medical condition are all relevant factors in

determining whether the delay has reached constitutionally intolerable proportions. *See Goebert v. Lee Cnty.*, 510 F.3d 1312, 1327 (11th Cir. 2007).

Further, "should haves" are not a sufficient basis for a Constitutional claim. The Supreme Court has stated that "a complaint that a physician has been negligent in diagnosing or treating a medical condition does not state a valid claim of medical mistreatment under the Eighth Amendment." *Estelle v. Gamble*, 429 U.S. 97, 104-06 (1976); *Adams v. Poag,* 61 F.3d 1537, 1543 (11th Cir. 1995). In *Estelle*, the court reinstated the District Court's dismissal of a prisoner's Section 1983 complaint for failure to state a claim. Recognizing the plaintiff's primary claim was that "more should have been done" to diagnose and treat a back injury, the Court explained, "[a] medical decision not to order an X-ray, or like measures, does not represent cruel and unusual punishment." *Id.* at 107. "There is no liability for 'an official's failure to alleviate a significant risk that he should have perceived but did not . . . .'" *Cottrell v. Caldwell*, 85 F.3d 1480, 1491 (11th Cir. 1996) (*quoting Farmer,* 511 U.S. at 838); *see Waldrop v. Evans*, 871 F.2d 1030, 1033 (11th Cir. 1989) (explaining that "a simple difference in medical opinion" does not constitute deliberate indifference"); *Murrell v. Bennett*, 615 F.2d 306, 310 n.4 (5th Cir. 1980) (treatment may violate the Eighth Amendment if it involves "something more than a medical judgment call, an accident, ***or an inadvertent failure***" (emphasis added)).

- 10 -

CASE NO. 5:23-cv-66-MCR/MJF

Here, Plaintiff's lack of factual, specific allegations of deliberate indifference warrants dismissal of his claims against Nurse Campbell. The generalized allegations raised by this pleading do not meet the pleading requirement for a Section 1983 claim. According to the limited factual allegations involving his condition, Plaintiff's injuries (if any) amounted to stomach pain from one or more hernias, and he received treatment in the form of medical visits and consults, a doctor visit (within 6 weeks of his visit with Nurse Campbell), and eventual surgery for his hernia. There are no allegations concerning any other cognizable injury or damage to Plaintiff.

Further, there is no evidence of conduct that goes "beyond gross negligence" (or anywhere near that lofty standard). Nor is there any evidence of any specific facts by which Nurse Campbell could have been aware of or inferred any potential deliberate indifference to Plaintiff.[3] There is simply no explanation or factual averment whatsoever regarding how or why Plaintiff's alleged delay in seeing at physician occurred. At most, Plaintiff alleges Nurse Campbell failed to schedule a

---

[3] To the extent Plaintiff's purported quote of Nurse Campbell may be considered a factual allegation of indifference to a medical need, the quote itself has changed in each successive pleading, and is belied by Plaintiff's own grievances (*see* [ECF No. 17-1]). "Where there is a conflict between allegations in a pleading and exhibits thereto, it is well settled that the exhibits control." *Gross v. White*, 340 F. App'x 527, 533 (11th Cir. 2009). Further, the Court may consider these grievances as they continue to be referenced in Plaintiff's Second Amended Complaint *See id.* at 534. ("Gross' second amended complaint specifically referred those grievance forms, which were central to his claims. Even though the documents were not physically attached to the second amended complaint, they were incorporated by reference into it, and the district court did not err in considering them.")

CASE NO. 5:23-cv-66-MCR/MJF

follow-up appointment with Plaintiff to see a doctor about his purported hernia, which ultimately occurred within the next 6 weeks. Although prisons and prison officials have a duty to protect prisoners from foreseeable harms, "[i]t is not, however, every injury suffered by one prisoner at the hands of another that translates into a constitutional liability for prison officials responsible for the victim's safety." *Farmer v. Brennan*, 511 U.S. 825, 834 (1994). There is simply insufficient allegations of any such a breach here by Nurse Campbell. This is insufficient to state a claim against her, and Nurse Campbell should be dismissed with prejudice.

At most (and it would require a stretch of the imagination), the claims asserted against Nurse Campbell may be more akin to claims for inadequate medical treatment (which is also denied), and which is clearly not a Constitutional violation. *See Bass v. Sullivan*, 550 F.2d 229, 232 (5th Cir.), *cert. denied*, 434 U.S. 864 (1977); *see also Waldrop*, 871 F.2d at 1035 (observing that "when a prison inmate has received medical care, courts hesitate to find an Eighth Amendment violation"); *Hamm v. DeKalb County*, 774 F.2d 1567, 1575 (11th Cir. 1985) (evidence showed that plaintiff received "significant" medical care while in jail, and although plaintiff may have desired different modes of treatment, care provided by jail did not constitute deliberate indifference), *cert. denied*, 475 U.S. 1096 (1986); *Westlake v. Lucas*, 537 F.2d 857, 860 n.5 (6th Cir. 1976) (noting that "[w]here a prisoner has

received some medical attention and the dispute is over the adequacy of the treatment, federal courts are generally reluctant to second guess medical judgments and to constitutionalize claims which sound in state tort law"). As such, even under the most generous reading of the factual assertions made in this Second Amended Complaint, the allegations do not meet the requirements to assert Constitutional claims under Section 1983 against Nurse Campbell, and therefore, the claims raised against her in the Second Amended Complaint should be dismissed with prejudice.

> 2. *Plaintiff's Second Amended Complaint fails to satisfy Rules 8(a) and this Court's clear instructions, and should be dismissed.*

Plaintiff's Second Amended Complaint fails to satisfy the rules of pleading to such a degree that dismissal is warranted. "[E]xperience teaches that, unless cases are pled clearly and precisely, issues are not joined, discovery is not controlled, the trial court's docket becomes unmanageable, the litigants suffer, and society loses confidence in the court's ability to administer justice." *See Anderson v. Dist. Bd. of Trustees of Central Fla. Comm. College*, 77 F.3d 366–67 (11th Cir. 1996).

Under Rule 8(a), when a complaint alleges that several defendants are liable for multiple claims, courts must determine whether the complaint gives fair notice to each defendant. *See Ramos v. Cty. of Miami Dade*, No. 12-21888-CIV, 2012 WL 3962436, at *3 (S.D. Fla. Sept. 10, 2012). Although a complaint against multiple defendants can be read as making the same allegation against each defendant

CASE NO. 5:23-cv-66-MCR/MJF

individually, the "[f]actual allegations must be enough to raise a right to relief above the speculative level." *Twombly,* 550 U.S. at 555 (citation omitted). Rule 8(a) demands more than "an unadorned, the-defendant-unlawfully-harmed-me accusation." *Iqbal*, 556 U.S. at 678. Accordingly, a complaint's "[f]actual allegations must be enough to raise a right to relief above the speculative level." *Cobb v. Florida*, 293 F. App'x. 708, 709 (11th Cir. 2008) (alteration in original) (quoting *Twombly*, 550 U.S. at 555).

Here, Plaintiff has filed a lawsuit against Nurse Campbell and Nurse Fulman, but various allegations are made in purely conclusory terms. Plaintiff has loosely cited to the 8th, and 14th Amendments of the United States Constitution and 42 U.S.C. Section 1983. (*See generally* Am. Compl.). However, nowhere in this mash-up of facts and Constitutional amendments has Plaintiff averred how either Defendant violated these laws, including any specific Constitutional deprivation or any action that could be considered deliberate indifference. (*See generally id.*).

More is required. In fact, the Court instructed Plaintiff more was required, and cautioned Plaintiff to make any claims "truthfully". Plaintiff has failed to do so, instead attempting to evade the Court's directive by removing critical attachments related to the grievance process.

CASE NO. 5:23-cv-66-MCR/MJF

## C. Conclusion

Based on the foregoing, Plaintiff has failed to bring a valid cause of action against Nurse Campbell, and failed to allege facts violative of Plaintiff's constitutional rights. Plaintiff's Second Amended Complaint against Nurse Campbell should be dismissed prejudice.

## Rule 7.1(E) Certification

Undersigned Counsel hereby certifies the total word count (excluding case style, signature block, and certificate of service) included in the foregoing Motion and Memorandum is: 3,233.

Dated: September 26, 2023

Respectfully submitted,

 /s/ Carlos A. Garcia
Carlos A. Garcia, Esquire (FBN 99768)
cagarcia@wickersmith.com
ftlcrtpleadings@wickersmith.com
WICKER SMITH O'HARA McCOY & FORD, P.A.
515 E. Las Olas Boulevard
SunTrust Center, Suite 1400
Ft. Lauderdale, FL 33301
Telephone: (954) 847-4800
Facsimile: (954) 760-9353
*Attorneys for Kayla Campbell*

CASE NO. 5:23-cv-66-MCR/MJF

## CERTIFICATE OF SERVICE

      I HEREBY CERTIFY that a true and correct copy of the foregoing was filed with the Clerk of Court using the CM/ECF system on September 26, 2023, and the foregoing document is being served this day on all counsel or parties of record, either via transmission of Notices of Electronic Filing generated by CM/ECF or in some other authorized manner for those counsel or parties who are not authorized to receive Notices of Electronic Filing, in compliance with Federal Rule of Civil Procedure 5(b)(3).

                                              */s/ Carlos A. Garcia*_____
                                              Carlos A. Garcia, Esquire