UNITED STATES DISTRICT COURT FOR THE
NORTHERN DISTRICT OF FLORIDA
PANAMA CITY DIVISION

MAXIMO GOMEZ,

    Plaintiff,

v.                                                     Case No. 5:23-cv-66-MCR/MJF

KAYLA CAMPBELL,

    Defendant.
_____/

**REPORT AND RECOMMENDATION**

The undersigned recommends that this action be dismissed for maliciousness, under 28 U.S.C. §§ 1915A(b)(1) and 1915(e)(2)(B)(i), for Plaintiff's abuse of the judicial process in failing to disclose completely and honestly his litigation history.

**I. BACKGROUND**

Plaintiff is an inmate of the Florida Department of Corrections ("FDC") with inmate number "M11644." On March 13, 2023, Plaintiff initiated this action under 42 U.S.C. § 1983, alleging violations of the Eighth and Fourteenth Amendments. Doc. 1. On May 30, 2023, Plaintiff filed his second amended complaint. Doc. 20. Plaintiff alleges that in May 2022, Defendant failed to provide treatment for Gomez's hernia. *Id.* at 5.

## II. DISCUSSION

**A.   Screening of Plaintiff's Complaint**

The Prison Litigation Reform Act of 1995 ("PLRA"), Pub. L. No. 104-134, 110 Stat. 1321 (1996), was enacted in "an effort to stem the flood of prisoner lawsuits in federal court." *Harris v. Garner*, 216 F.3d 970, 972 (11th Cir. 2000) (en banc); *see Procup v. Strickland*, 792 F.2d 1069, 1071 (11th Cir. 1986) (per curiam). Under the PLRA, a federal court is required to dismiss a prisoner complaint if the action is frivolous, is malicious, or fails to state a claim on which relief may be granted. 28 U.S.C. § 1915A(b)(1); *see* 28 U.S.C. § 1915(e)(2)(B)(i) ("the court shall dismiss the case *at any time* if the court determines" the action is "malicious") (emphasis added).

Courts may "oblige prisoners to supply available information concerning prior lawsuits that concern their incarceration." *In re Epps*, 888 F.2d 964, 969 (2d Cir. 1989). "An action is malicious when a prisoner misrepresents his prior litigation history on a complaint form requiring disclosure of such history and signs the complaint under penalty of perjury, as such a complaint is an abuse of the judicial process." *Burrell v. Warden I*, 857 F. App'x 624, 625 (11th Cir. 2021). This is true

"regardless of whether the Plaintiff's response to the question was knowing or intentional." *Ballard v. Broling*, No. 22-12651, 2023 WL 6799147 at *1 (11th Cir. Oct. 16, 2023).

B. **Plaintiff's Disclosures**

Section VIII of the complaint form utilized by Plaintiff seeks information regarding Plaintiff's prior litigation. Doc. 1 at 8–12. The complaint form expressly warns "***failure to disclose all prior state and federal cases—including, but not limited to civil cases, habeas cases, and appeals—may result in the dismissal of this case.***" *Id.* at 8.

> The complaint form asks three questions:
>
> A. Have you had any case in federal court, including federal appellate court, dismissed as frivolous, as malicious, for failure to state a claim, [] prior to service?
>
> B. Have you filed other lawsuits in **state or federal court** dealing with the same facts or issue involved in this case?
>
> C. Have you filed any other lawsuit, habeas corpus petition, or appeal in **state or federal court** either challenging your conviction or relating to the conditions of your confinement?[]

*Id.* at 9–10. Additionally, the complaint form instructs that if the plaintiff responded, "yes" to any of these questions, then the plaintiff must disclose all responsive cases. *Id.*

In response to these Questions, Plaintiff responded, "Yes." *Id.* Plaintiff disclosed six federal cases. Doc. 1 at 9–12. At the end of the complaint form, Plaintiff signed his name after the following statement: "I declare, under penalty of perjury, that all of the information stated above and included on or with this form, *including my litigation history*, is true and correct." *Id.* at 12 (emphasis added). Thus, at the time he signed and submitted his complaint, Plaintiff asserted under the penalty of perjury that he had only filed six cases.

C.   **Plaintiff's Omissions**

The undersigned takes judicial notice that when Plaintiff filed his second amended complaint, Plaintiff failed to disclose *at least* the following two petitions for writ of habeas corpus:

- *Gomez v. Sec'y, Dep't of Corrs.*, 9:09-cv-80588-JIC (Sept. 1, 2009, S.D. Fla.);

- *Gomez v. Fla. Att'y General*, No. 9:14-cv-80994 (S.D. Fla. July 30, 2014).

These cases are attributable to Plaintiff because they bear his inmate number "M11644."

These cases were responsive to Question C on the complaint form insofar as they challenged Plaintiff's conviction. Because he failed to

disclose these cases in his original complaint, first amended complaint, and his second amended complaint, Plaintiff violated his duty of candor to the District Court. *See Kendrick v. Sec'y, Fla. Dep't of Corr.*, No. 21-12686, 2022 WL 2388425, at *3 (11th Cir. July 1, 2022) (noting that *pro se* litigants "owe the same duty of candor to the court as imposed on any other litigant").

### D.  The Materiality of Plaintiff's Omissions

Courts have recognized that information regarding a plaintiff's litigation history is useful to federal courts:

> [I]t allows efficient consideration of whether the prisoner is entitled to pursue the current action under the "three strikes" provision of the [PLRA]; it allows consideration of whether the action is related to, or otherwise should be considered in conjunction with or by the same judge who presided over, another action; it allows consideration of whether any ruling in the other action affects the prisoner's current case. All of these things are appropriately considered in connection with the preliminary review of such a complaint under the [PLRA].

*Spires v. Taylor*, No. 3:00-cv-249-RH (N.D. Fla. Oct. 27, 2000). Also, this "information may assist a court in identifying suits that are repetitious of prior or pending lawsuits and hence frivolous." *In re Epps*, 888 F.2d at 969; *see Bilal v. Driver*, 251 F.3d 1346, 1350 (11th Cir. 2001) (noting that, in assessing frivolousness, courts may consider "a litigant's history of

bringing unmeritorious litigation"). Additionally, because prisoner-plaintiffs generally proceed *pro se*, the information helps the court determine their litigation experience and familiarity with the legal terrain.

"Federal courts have both the inherent power and the constitutional obligation to protect their jurisdiction from conduct which impairs their ability to carry out Article III functions." *Procup*, 792 F.2d at 1073; *In re Martin-Trigona*, 737 F.2d 1254, 1261-62 (2d Cir. 1984). Courts also have "a responsibility to prevent single litigants from unnecessarily encroaching on the judicial machinery needed by others." *Procup*, 792 F.2d at 1074. Requiring prisoner-plaintiffs to divulge their record of litigation serves all of these compelling interests. Thus, to conserve judicial resources and effectively manage their dockets, courts may require prisoner-plaintiffs to disclose their litigation history. *See Smith v. Psychiatric Sols., Inc.*, 750 F.3d 1253, 1262 (11th Cir. 2014) (noting that district courts have "unquestionable authority to control their own dockets; this authority includes broad discretion in deciding how best to manage the cases before them").

The time spent verifying the cases a plaintiff has filed but failed to identify can be considerable. This is especially true in this case where a plaintiff has filed a substantial number of cases. When courts cannot rely on the statements or responses made by parties, the quality of justice is threatened. Courts, therefore, cannot tolerate false or misleading responses in pleadings or motions.

Here, Plaintiff falsely responded to questions on the complaint form as detailed above. He knew from reading the complaint form that he was required to disclose *all prior* cases, including those that challenged his conviction. Doc. 1 at 10. He also was aware that the penalty for failing to disclose his prior litigation history was dismissal. Indeed, the complaint form expressly warns prisoners: "***Be advised that failure to disclose all prior state and federal cases . . . may result in the dismissal of this case.***" *Id.* at 8; *cf. Gomez v. Campbell*, No. 5:22-cv-276-TKW-MJF (N.D. Fla. Jan. 27, 2023) (dismissing Plaintiff's prior case because Plaintiff failed to disclose completely and honestly his litigation history).

There is no excuse for Plaintiff's failure to respond truthfully to the questions on the complaint form. The questions were straightforward and easily understandable. *See Kendrick*, 2022 WL 2388425, at *3 (noting

that the questions on the court-form are not complicated and a plaintiff's *pro se* status was not an excuse for failing to honestly answer the straightforward questions). Thus, Plaintiff was aware he had to disclose all of his cases, including these two petitions for writ of habeas corpus.

To the extent he could not remember fully his litigation history or was unsure whether to disclose these cases, Plaintiff could have indicated that on the complaint form. He did not. Rather, he affirmatively misrepresented that he had only filed six cases.

Furthermore, Plaintiff was aware that he should maintain in his property a list of all prior cases. At the commencement of a lawsuit, the clerk of the court sends a notice to *pro se* litigants advising litigants to keep a copy of all filings in their respective cases. Doc. 4; *see Gomez*, No. 5:22-cv-276-TKW-MJF, ECF No. 3 (N.D. Fla. Nov. 29, 2022). Additionally, the undersigned previously dismissed Plaintiff's complaint for failure to disclose his litigation history completely and accurately and noted that the list of cases provided in the report and recommendation were "just a few of the federal cases Gomez had filed and failed to disclose . . . ." *Gomez*, No. 5:22-cv-276-TKW-MJF, ECF No. 9 at 6 n.1 (N.D. Fla. Dec. 29, 2022). Plaintiff, therefore, was certainly aware of his obligation

to obtain and maintain a list of his cases so that he could make an accurate disclosure of his prior litigation history.

In short, there is simply no justification for Plaintiff's failure to disclose these cases and others. Accordingly, a penalty is warranted both to deter Plaintiff from such conduct and to deter others from similar misrepresentations and material omissions. *See Jones v. Warden of Statesville Corr. Ctr.*, 918 F. Supp. 1142, 1151 (N.D. Ill. 1995) ("The knowing failure of a pro se litigant to admit to the filing of prior related complaints in answer to the questions on the civil rights complaint form is conduct subject to sanctions by the court.").

**E.     The Appropriate Sanction is Dismissal Without Prejudice**

"[F]ailure to comply with court rules requiring disclosures about a plaintiff's previous litigation constitutes an abuse of the judicial process warranting dismissal." *Sears v. Haas*, 509 F. App'x 935, 936 (11th Cir. 2013) (per curiam). The court should not allow Plaintiff's false responses to go unpunished. An appropriate sanction for Plaintiff's abuse of the judicial process in not providing the court with true factual statements or responses is to dismiss this case without prejudice. Because the actions complained of in the complaint occurred on May 6, 2022, Florida's four-

year statute of limitations likely would not preclude Plaintiff from refiling this action in the near future. *Shelton v. Rohrs*, 406 F. App'x 340, 341 (11th Cir. 2010) (per curiam).

Furthermore, no lesser sanction would suffice to deter this type of conduct. For example, providing Plaintiff a fourth opportunity to amend his complaint to disclose the previous lawsuits would equate to overlooking his mendacity and his abuse of the judicial process, because that course of action would entail no penalty. *See Young v. Sec'y for Dep't of Corr.*, 380 F. App'x 939, 940–41 (11th Cir. 2010) (holding that district court did not abuse its discretion by denying leave to amend the complaint so that the plaintiff could disclose lawsuits that should have been disclosed initially). Insofar as Plaintiff already is incarcerated, a mere admonition or a finding of contempt would not deter Plaintiff or other prisoners from making false representations to the court. Dismissal without prejudice would serve as a warning to Plaintiff and others that future misrepresentations to courts might result in more substantial sanctions. *See Warren v. Guelker*, 29 F.3d 1386, 1389 (9th Cir. 1994) (per curiam) (noting that a plaintiff's misrepresentation about previous lawsuits may violate Rule 11).

## III. Conclusion

For the reasons set forth above, the undersigned respectfully **RECOMMENDS** that the District Court:

1. **DISMISS** this case without prejudice, 28 U.S.C. §§ 1915A(b)(1) and 1915(e)(2)(B)(i), for maliciousness and abuse of the judicial process.

2. **DIRECT** the clerk of the court to close this case.

At Pensacola, Florida, this 28th day of February, 2024.

/s/ *Michael J. Frank*
**Michael J. Frank**
**United States Magistrate Judge**

### NOTICE TO THE PARTIES

**The District Court referred this case to the undersigned to address preliminary matters and to make recommendations regarding dispositive matters.** *See* **N.D. Fla. Loc. R. 72.2;** *see also* **28 U.S.C. § 636(b); Fed. R. Civ. P. 72(b). Objections to these proposed findings and recommendations must be filed within fourteen (14) days of the date of the report and recommendation. Any different deadline that may appear on the electronic docket is for the court's internal use only and does not control. An objecting party must serve a copy of the objections on all other parties. A party who fails to object to the magistrate judge's findings or recommendations contained in a report and recommendation waives the right to challenge on appeal the district court's order based on unobjected-**

**to factual and legal conclusions.** *See* **11th Cir. Rule 3-1; 28 U.S.C. § 636. The parties also are advised that if they dispute the accuracy of any facts taken from judicially-noticed documents, or if they otherwise wish to be heard on the propriety of the court taking judicial notice of those facts, they must raise this issue in an objection to this report and recommendation.**